

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00469-CV

**HOCHHEIM PRAIRIE FARM MUTUAL INSURANCE ASSOCIATION,**
                                                                    **Appellant**
 **v.**

**BOBBY CROWSON AND LINDA CROWSON,**
                                                                    **Appellees**

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 13-26535**

## MEMORANDUM OPINION

Hochheim Prairie Farm Mutual Insurance Association's Petition for Permission to Appeal Interlocutory Order was filed in this Court on December 19, 2019. The order sought to be appealed was rendered on September 12, 2016. Pursuant to Rule 28.3(c), a petition for a permissive appeal must be filed within 15 days after the *order to be appealed* is signed. TEX. R. APP. P. 28.3(c) (emphasis added). Thus, Hochheim's petition for permission to appeal was due on September 27, 2016.

By letter dated January 14, 2020, the Clerk of this Court warned Hochheim that the proceeding would be dismissed because it appeared the petition was untimely. Hochheim responded that the petition was timely filed because the trial court's order granting permission to appeal, signed on December 10, 2019, incorporated the 2016 order, thus constituting an amendment of the 2016 order as contemplated by Rule 28.3(c) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 28.3(c) ("If the order is amended by the trial court…to include the court's permission to appeal, the time to petition the court of appeals runs from the date the amended order is signed.").

The trial court's order granting permission to appeal did not incorporate the 2016 order sought to be appealed. Further, it is the order to be appealed that may be amended to include the permission; and in this case, the 2016 order, itself, has not been amended.

Because a petition for a permissive appeal must be filed within 15 days after the **order to be appealed** is signed and the petition in this case was not filed within that timeframe, we have no jurisdiction to grant the petition. Accordingly, both the petition and this appeal are dismissed for want of jurisdiction. *See* TEX. R. APP. P. 28.3; 43.2(f).


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Petition dismissed
Appeal dismissed
Opinion delivered and filed January 29, 2020
[CV06]

